Exhibit 1

Insurance Commissioner
ACCEPTED SOP
NOV 1 2 2019
TIME: 4:00 WA

E-FILED
IN COUNTY CLERKS OFFICE
PIERCE COUNTY, WASHINGTON
November 07 2019 11:36 AM
KEVIN STOCK
COUNTY CLERK
NO: 19-2-11991-3

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| MOHAMMAD M. ASSAF, individually and as the representative of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY<br><br>Defendant. | NO.<br><br>**ORIGINAL CLASS ACTION COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT** |

Comes Now, MOHAMMAD M. ASSAF, ("Plaintiff"), Plaintiff in the above-entitled matter and files this, his Original Class Action Complaint for Damages, as the proposed Class Representative of a Class to be comprised of certain insureds of Progressive Direct Insurance Company (hereinafter "PROGRESSIVE") with policies issued in the State of Washington, and in support thereof would respectfully show the Court as follows:

## I. INTRODUCTION

1.1     This action seeks to recover compensatory damages suffered by Plaintiff and the members of the Class, who are all PROGRESSIVE insureds within the State of Washington, as a result of Defendants' breach of its standard form policy of insurance.

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 1

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

1.2     PROGRESSIVE advertised, solicited, and sold automobile insurance policies providing Underinsured Motorists Property Damage coverage ("UIM PD") in the State of Washington. These policies, like the policy sold to Plaintiff, obligated PROGRESSIVE to pay for legally recoverable "damages" to its insured vehicles under the UIM PD Coverage.

1.3     The policies promise as follows: "[W]e will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **property damage** 1) sustained by an **insured person**; 2) caused by an accident; and 3) arising out of the ownership, maintenance or use of an **underinsured motor vehicle**." Form 9611D WA.

1.4     Substantially similar language has been authoritatively construed by the Courts of Washington, *first* on March 10, 2010 by the Court of Appeal in *Moeller v. Farmers Ins. Co. of Wa.*, 155 Wn. App. 133, 229 P.3d 857 (Div. 2 2010), and thereafter on December 22, 2011 by the Washington Supreme Court in *Moeller v. Farmers Ins. Co. of Wa.*, 173 Wn.2d 264, 267 P.3d 998 (2011) ("*Moeller III*"), as providing coverage for "diminished value after a car is repaired." *Second*, materially identical UIM language was found to cover not simply the "physical damage" to the vehicle, but also those damages which resulted from the vehicle sustaining property damage, (*Kalles v. State Farm Mut. Auto. Ins. Co.*, 7 Wn. App.2d 330, 433 P.3d 523 (2019)) (finding DV covered under materially identical language). *Third*, the coverage for diminished value has been held to be *mandatory* under Washington's UIM statute. *Pacheco v. Oregon Mut. Ins. Co.*, __Wn.App.2d.___, 2019 WL 3887405, ¶19 (2019) ("An express policy exclusion for

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 2

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

coverage for diminished value of the damaged vehicle is therefore contrary to the UIM statutory language').[1]

1.5 PROGRESSIVE has repeatedly admitted that Diminished Value is covered under its UIM PD language, and it has paid a limited number of claims for DV under its UIM PD language, while consistently underpaying and attempting to evade the claims.

1.6 Defendants' UIM PD coverage clause language is substantially similar to that in the policy interpreted in the *Moeller III* decision, and materially identical to that in *Kalles*. The language in PROGRESSIVE's policy has been found by multiple federal and state courts in Washington to cover diminished value. Diminished value is *not* excluded from the UIM PD portion of PROGRESSIVE's policy.

1.7 Consistent with the damages recoverable under *Moeller III*, Plaintiff claims that when certain automobiles, i.e., those within the proposed Class, sustain damage to their structural systems and bodies, they cannot be fully repaired to their pre-accident condition and as a result are tangibly different than they were pre-accident. This causes the vehicles to suffer a loss in value at the time of the accident called "diminished value" as that is defined in *Moeller III*. Plaintiff seeks to recover the "diminished value" as defined in *Moeller III* for himself and members of the proposed Class.

---

[1] While this case does not involve a coverage question in light of Progressive's prior admissions as to coverage, and payment of the loss, and binding Washington Case law, the undersigned counsel has been counsel in various cases which addressed the UIM PD coverage language including *Moeller III*, *Kalles*, and *Pacheco*, and has repeatedly (prior to *Kalles* and *Pacheco*) briefed the issues. The meaning of the policy language issue in this case (i.e. the coverage issue if one were asserted) is distinct and separable from any other issues, and has been addressed in all prior cases as a distinct question of law. To the extent Progressive were, despite the holdings of *Kalles* and *Pacheco*, to attempt to assert a coverage issue as a defense, it would raise no factual issues and can be addressed for at most $40,000 in lodestar fees, including any appeal., with loadstar fees likely being far less given that the issues have already been briefed in prior cases.

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 3

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

1.8     Despite knowing that diminished value is a covered, non-excluded loss, under its UIM policy, PROGRESSIVE does not adjust UIM PD claims to include losses due to diminished value. Instead, PROGRESSIVE fails to disclose that coverage for diminished value exists, and then attempts to avoid payment.

1.9     While coverage for Diminished Value is clear under Washington Law, and PROGRESSIVE has admitted it is covered, to the extent that in this matter PROGRESSIVE were to attempt to plead that coverage for diminished value does not exist – despite the binding holdings of *Kalles* and *Pacheco and Moeller III* – coverage is a distinct issue of policy interpretation, raising a discrete legal question, which is resolvable via a quick motion to dismiss or a summary judgement motion based upon the policy language and existing law.

1.10    This action concerns the market value damages sustained by Plaintiff as a result of an accident on October 21, 2016 where Mr. Assaf's 2013 Honda Accord EX-L sustained substantial damage, including frame/structural damage, necessitating repairs costing $11,494,60. The repairs took thirty-six days to complete.

1.11    As with other members of the proposed Class, despite the best efforts of the repair facility, as a result of the damage suffered by Plaintiff's vehicle in the accident, Mr. Assaf's vehicle could not be "fully restored to its pre-loss condition" and the vehicle was worth less after the accident than it was before the accident. Since the areas of repaired damage would be detectible in any later inspection, and the vehicle, like those in the proposed Class, could not be fully restored to its pre-loss condition, the vehicle was worth less (it had "diminished value") as a result of the accident, and after the accident, irrespective of any repairs that might or could be or were done to the vehicle. As such, Mr. Assaf, like the other members of the proposed Class, has the same claim for damages which was approved and found to be recoverable under *Moeller III*.

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 4

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

Plaintiff seeks these damages on behalf of himself, and other members of the proposed Class allowed in *Moeller III*, the "diminution in value between [the] preaccident and post-repair vehicle." *Moeller III*, 173 Wn.2d at 276.[2]

1.12 Like other members of the proposed Class, when Plaintiff presented his vehicle to PROGRESSIVE to have his loss adjusted and paid, PROGRESSIVE determined that UIM PD coverage applied, determined and recorded the fault of both parties, and any adjustment for comparative fault, estimated the vehicle for the cost of physical repairs, but did not adjust the loss to include any diminished value loss or disclose the existence of coverage for diminished value under the UIM PD coverage.

1.13 Like other members of the proposed Class, Plaintiff took the appropriate measures to receive compensation from PROGRESSIVE for the damages he incurred and presented and made his vehicle available to PROGRESSIVE to adjust his loss. However, PROGRESSIVE failed to adjust his loss or to compensate Plaintiff fairly and adequately for diminution of value damages. Accordingly, Plaintiff brings this suit to obtain appropriate relief for himself and others in the Class for Progressive's breach of its contract in not paying his damages due to diminished value.

---

[2] As in *Moeller III*, Plaintiff notes and expressly pleads that this is not a "stigma" loss, nor does he seek to recover for sigma losses as defined in *Moeller III*, and as in *Moeller III* has plead damages approved in *Moeller III* based upon a statistical regression market value survey of the value of vehicles which have been in an accident with properly repaired damage compared to those which were undamaged. 173 Wn.2d at 271, 280, *cf.* 173 Wn.2d at 290 (dissent arguing that market measure is not appropriate); *id.* at 293 (same)

Vehicles that fall within the proposed Class are those which "due to the nature of the damage [ ] cannot be fully restored to its preloss condition" 173 Wn.2d at 271. Vehicles with *only* the types of damage which can be "fully restored" (using factory parts) so as to be indistinguishable from the original, and as such only having "an intangible taint due to its having been involved in an accident", *id*; e.g. damage to their glass, metal bumpers, tires, wheels, unpainted "bolt-on, bolt-off" parts and moldings, or mechanical parts, are not in the Class. Plaintiff finally notes and expressly pleads, that the damages for any such "stigma" losses (for example a vehicle with a reported accident with only glass damage), would be *less than* those identified and plead in this Complaint based upon the market values of vehicles where the vehicles have the types of repair which are identifiable in a post-repair inspection and fall within the proposed Class.

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 5

1.14 Plaintiff alleges that Defendant's failure to pay for this type of loss under its standard Washington insurance policy's UIM coverage breached its standard contract with its policyholders and members of the Class.

## II. JURISDICTION AND VENUE

2.1 The claims asserted herein exceed the minimum jurisdictional amount of this Court, but are far less than $75,000 per Class Member.

2.2 PROGRESSIVE transacts business in Pierce County, Washington. Venue is therefore proper pursuant to RCW 4.12.025 section (1) and (3) (d) as the county in which the Defendant transacts substantial and continuous business.

2.3 Plaintiff is a citizen of Washington. All members of the proposed Class are insured under policies issued in and for the State of Washington for vehicles registered in the State of Washington. As a result, nearly all members of the proposed Class are Washington residents and citizens. Less than one percent (1%) of the members of the proposed Class will be citizens of other states. However, the non-citizen proposed Class members are nonetheless still connected to Washington state via their vehicles and insurance policies. Thus, far more than two-thirds of all members of the proposed Class are citizens of Washington. Any related conduct of PROGRESSIVE occurred in Washington, and all damages were incurred in Washington.

2.4 The proposed Class will have approximately 2,411 class members[3], who will have on average damages of $1,158 per claim, and as such the amount in controversy and the

---

[3] In removal proceedings in *Kleinsasser v. Progressive Direct Ins. Co. and Progressive Max Ins. Co.*, 17-cv-05499 (W.D. Wa)("*Kleinsasser*"), it was determined by the Court that there were, at removal, approximately 3307 class members (Dkt#93 at 22) over a period of 86 months. Unlike in *Kleinsasser*, this case only involves claims on

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 6

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

recoverable damages will be no more than $2,791,938, measured at thirty days after removal, and actually less.[4]

2.5 Further, at this time Plaintiff pleads only for the $200 statutory fee award to the prevailing party. While no coverage question is plead in this case in light of binding statements made by PROGRESSIVE that DV is covered under its UIM PD language, as well as binding Washington Appellate opinions holding that UIM PD coverage in Washington *includes* coverage for diminished value (see *Kalles* and *Pacheco*), were PROGRESSIVE to plead that there was not coverage this issue could be resolved for *less than* $40,000 in *Olympic Steamship* loadstar fees based upon the fees incurred to resolve the same coverage question in prior cases.

2.6 Therefore, jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") does not exist, as the amount in controversy is far less than $5,000,000.00.

### III. THE PARTIES

3.1 Plaintiff Mohammed M. Assaf ("Plaintiff") is an adult citizen of Washington.

---

Progressive Direct Ins. Co. policies and covers a different (but partially overlapping) time period as the proposed Class in *Kleinsasser*. If removal were to occur within 30 days of removal as required under CAFA, there would *at most* be only 84.88% of the time period as in *Kleinsasser* (73 months of claims vs. 86 months of claims). Further, since claims against *Progressive Max Ins. Co.* and on policies issued by *Progressive Max Ins. Co.*, are not plead nor part of this case, given the respective market shares of Direct and Max over the proposed Class period in this case, their will only be approximately 86% of the claims rate in *Kleinsasser*. As such, applied to the figure from *Kleinsasser* (which is itself inflated) there will be (because there are no claims on Max policies at issue and a shorter class period at issue) approximately 2411 class members (3307 x .86 x .8488) as of 30 days after the date of filing.
[4] This figure of $1158 per claim is based upon a sample of 100 claims selected by PROGRESSIVE to which Dr. Bernard Siskin's regression results (which measure the same damages plead in this case under *Moeller III*) were applied. (See *Kleinsasser*, Dkt#93 at 10). Because this sample included both UIM PD and collision claims (which have slightly higher average damage to the vehicle), the actual damages per claim will be slightly less than this figure in this case. However, this figure represents the best and most accurate estimate of the per-claim figure that will apply based upon a sample of actual Progressive UIM PD claims within the Class. As noted above, PROGRESSIVE has on rare occasions paid UIM PD DV claims. Since PROGRESSIVE will get a credit for these payments off the damages determined using Dr. Siskin's approach (since an insured can not recover the same amounts twice), the <u>actual</u> amount in controversy is even less than $2,791,938 in an amount which is known to, and calculable by, PROGRESSIVE, but unknown to Plaintiff.

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 7

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

3.2     Defendant PROGRESSIVE DIRECT INSURANCE COMPANY, an Ohio corporation, does business in the State of Washington, and has its principle office and place of business in this State in Federal Way, King County, Washington.

## IV. COMMON COURSE OF CONDUCT REGARDING DV

4.1     PROGRESSIVE solicits and advertises consumers to purchase UIM coverage for their vehicles from PROGRESSIVE.

4.2     The policy that PROGRESSIVE issued to all members of the proposed Class promised as follows, "[W]e will pay for damages that an insured **person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **property damage** 1) sustained by an **insured person**; 2) caused by an accident; and 3) arising out of the ownership, maintenance or use of an **underinsured motor vehicle**."

4.3     Plaintiff elected to make a claim under his UIM PD coverage for his loss due to the at fault driver being uninsured. The language in the PROGRESSIVE policy and the Washington UIM statute has been authoritatively construed as providing diminished value coverage. Despite it being a covered loss, PROGRESSIVE failed to adjust Plaintiff's and the Class' claims to address the damages which results from diminished value, and it has (with very rare exceptions) failed to pay claims for diminished value.

## V. CLASS ACTION ALLEGATIONS REGARDING DV

5.1     This action is brought as a class action under Superior Court Civil Rule 23. PROGRESSIVE's conduct has been systematic and continuous and has affected large numbers of PROGRESSIVE policyholders over time. Plaintiff brings this class action to secure redress for Defendant's uniform and common practice of adjusting vehicle losses – on vehicles in the Class – in a manner that leaves the insured with a vehicle that has not been fully restored its pre-

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 8

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

loss condition, including value. This uniform, systematic and continuous policy leaves the insured's vehicle with unavoidable tangible differences after repair and a diminished value. PROGRESSIVE's conduct has been uniform throughout the Class Period.

5.2 All members of the proposed Class have fully complied with all pertinent policy provisions to receive payment under their policies from PROGRESSIVE. PROGRESSIVE has found UIM PD coverage to apply to each member of the proposed Class' accidents, and PROGRESSIVE has expressly found the requirements for coverage to have been fulfilled by each Class Member. Each member of the proposed Class has presented his or her claim and vehicle to PROGRESSIVE or its agents to have the loss fully adjusted. No further performance is required by any member of the proposed Class to secure all available coverages and benefits provided by the PROGRESSIVE policy.

5.3 Plaintiff seeks certification of the following Class:

All PROGRESSIVE DIRECT INSURANCE COMPANY insureds with Washington policies issued in Washington State, where the insured's vehicle damages were covered under the Underinsured Motorist coverage, and

1. the repair estimates on the vehicle (including any supplements) totaled at least $1,000; and

2. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and

3. the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.

Excluded from the Class are (a) claims involving leased vehicles, non-owed vehicles (borrowed or rented vehicles where the insured has no ownership interest in the vehicle) or total losses, and (b) the assigned Judge, the Judge's staff and family.

5.4 The Class period includes those claims within the Class with a date of loss from six years before the date of filing until the date of Class Certification.
ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 9

5.5  Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The exact number of Class members is unknown, but can be readily determined from the records maintained by PROGRESSIVE as shown by, among others, the *Moeller v. Farmers, Mansker v. Farmers, Merrill v. PEMCO, Laughlin v. Allstate, Meyer v. AmFam, Rose v. Nationwide, Busani v. USAA, and Snyder v. Farmers* cases in which Class member lists were produced, and discovery and filings in *Kleinsasser*. Plaintiff believes there approximately 2,411 insureds in the Class, with the actual number being less than this, but more than 100.

5.6  Plaintiff is a typical member of the Class. He purchased a PROGRESSIVE automotive policy, paid premiums, and made a claim for loss when his insured automobile was damaged in an accident. He filed a claim and made his vehicle available to PROGRESSIVE for determination and payment of his loss, if it wished to do so. PROGRESSIVE then failed to adjust the loss to include diminished value. Although Plaintiff took the appropriate measures to receive compensation from PROGRESSIVE for the damages he incurred, PROGRESSIVE failed to pay Plaintiff's diminution of value damages. Plaintiff's interests are identical to those of other unnamed members of the Class in receiving payment for the diminished value allowed him under *Moeller III*.

5.7  As in *Moeller v. Farmers*, where many common issues were resolved, there are numerous and substantial questions of law and fact common to all members of the proposed Class which predominate over any individual issues. Included within the common questions of law and fact are:

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 10

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

(a) Whether Plaintiff and the members of the proposed Class had any further obligations before having their UIM PD losses adjusted by PROGRESSIVE to include diminished value;

(b) Whether PROGRESSIVE breached its contracts of insurance with the Class by failing to pay diminished value on UIM PD claims;

(c) The measure of damages for diminished value for the Class and the amount of diminished value owed Class wide;

(d) Whether Class Members' vehicles were tangibly different after their accidents and repairs compared to before the accidents, or if only "intangible" and invisible differences remain after repairs.

5.8  Plaintiff has no interest adverse to the interests of other members of the proposed Class and will fairly and adequately protect the interests of the Class and seeks the same relief for himself he seeks for the members of the proposed Class.

5.9  Plaintiff has retained the undersigned counsel who are experienced and competent in the prosecution of class actions and complex litigation and have extensive experience with litigation involving diminished value, and who have the resources and experience necessary to prosecute this case.

5.10  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, the Class Members will continue to suffer damages, and PROGRESSIVE's ongoing conduct designed to avoid paying diminished value will proceed without effective remedy.

5.11  Individual members of the proposed Class have little interest or ability to prosecute an individual action due to the complexities of the issues involved, the costs of assembling proof of the amount of diminished value, the time required, and the relatively small,

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 11

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

although significant damages (likely averaging around $1,158 per claim after adjustment for previous accidents) suffered by each member of the proposed Class.

5.12     This action will allow the orderly, fair, and expeditious administration of Class claims, economics of time, effort, and expense will be fostered, and uniformity of decisions will be ensured. As with prior diminished value cases in this country, collective adjudication will allow sufficient proof and expertise to be assembled to value fairly and prove the losses at issue.

5.13     This action will present no difficulties which would impede its management by this Court as a Class Action, and a Class Action is the best available means by which Plaintiff and the members of the proposed Class can seek redress for the harm caused to them by PROGRESSIVE.

## VI. PLAINTIFF'S CAUSE OF ACTION AGAINST PROGRESSIVE:
## BREACH OF CONTRACT

6.1     Plaintiff re-alleges the allegations contained in the previous paragraphs as if fully set forth herein.

6.2     Plaintiff and members of the proposed Class entered into contracts which were identical in all material respects with PROGRESSIVE. They paid all required consideration in the form of premiums for the coverage afforded by the PROGRESSIVE policy. They complied with all conditions precedent under the PROGRESSIVE policies and presented their claims. As to each claim, before paying to repair the vehicle, PROGRESSIVE found UIM PD coverage to exist for the accident and found that all conditions precedent to payment were satisfied.

6.3     PROGRESSIVE was obligated to cover and pay for the losses due to diminished value under both its policy language and Washington's UIM statute.

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 12

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

6.4     PROGRESSIVE breached the express provisions of the policy and its contract with Plaintiff and members of the Class by not paying for the diminished value on those vehicles (such as those within the Class) that had tangible differences after repair under *Moeller III*.

6.5     As a foreseeable and proximate consequence of the foregoing, Plaintiff and the members of the Class have been damaged by receiving less (in the form of the difference in the pre-accident market value of the vehicle and its market value as a vehicle repaired to industry standards) than they would have received had PROGRESSIVE paid the amounts Plaintiff and members of the Class have contracted for, in an amount to be determined at trial.

## VI. PRAYER FOR RELIEF

Plaintiff and the members of the proposed Class have been injured as a result of PROGRESSIVE's breach of its contract as described above.  As a result, Plaintiff and the members of the proposed Class are entitled to and pray for the following relief:

a.  Payment of the difference between the insured vehicles' pre-loss fair market values and their projected fair market values as repaired vehicles immediately after the accident;

b.  Costs of suit;

c.  The statutory attorney's fee of $200 allowed by RCW 4.84.015;

d.  Post-judgment interest on the judgment at the rate provided by law from the date of judgment until paid; and

e.  For such other relief as is deemed just and equitable and necessary to effectuate the Court's Orders and Judgment.

WHEREFORE, THE FORGOING BEING CONSIDERED, Plaintiff respectfully requests that the Court certify this case as a Class Action and that judgment be entered for the Plaintiff and members of the proposed Class against PROGRESSIVE for the damages described

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 13

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax

above, for the $200 in attorney's fees described above, and for the issuance of any orders necessary to effectuate this Court's Judgment.

DATED this 7th day of November, 2019.

Law Offices of STEPHEN M. HANSEN, P.S.

*[signature]*

STEPHEN M. HANSEN, WSBA # 15642
Of Attorneys for Plaintiffs

SCOTT P. NEALEY
(*pro hac vice* to be applied for)
Law Office of Scott P. Nealey
71 Stevenson, Suite 400
San Francisco, CA 94015
Phone: 415-231-5311
Fax: 415-231-5313
snealey@nealeylaw.com

ORIGINAL CLASS ACTION COMPLAINT
FOR DAMAGES FOR BREACH OF CONTRACT - 14

Law Offices of
STEPHEN M. HANSEN, P.S.
1821 Dock Street, Suite 103
Tacoma Washington 98402
(253) 302-5955; (253) 301-1147 Fax