UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOHAMMAD M. ASSAF,<br><br>             Plaintiff,<br><br>   v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>             Defendant. | CASE NO. C19-6209 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff Mohammad Assaf's ("Assaf") motion to remand. Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.   PROCEDURAL AND FACTUAL HISTORY

On November 7, 2019, Assaf filed a complaint against Defendant Progressive Direct Insurance Company ("Progressive") in Pierce County Superior Court for the State of Washington. Dkt. 1-1. Assaf asserts a claim for breach of contract individually and on behalf of a class of similarly situated individuals. *Id.* Relevant to the instant motion

and hearing, Assaf alleges damages "in the form of the difference in the pre-accident market value of the vehicle and its market value as a vehicle repaired to industry standards." *Id.*, ¶ 6.5. Regarding the class, Assaf alleges that it "will have approximately 2,411 class members, who will have on average damages of $1,158 per claim, and as such the amount in controversy and the recoverable damages will be no more than $2,791,938, measured at thirty days after removal, and actually less." *Id.*, ¶ 2.4 (footnotes omitted). Notably, Assaf specifically alleged that "jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") does not exist, as the amount in controversy is far less than $5,000,000.00." *Id.*, ¶ 2.6.

On December 16, 2019, Progressive removed the matter to this Court alleging that the amount in controversy exceeds $5,000,000. Dkt. 1. Progressive's number is based on findings in the related matter *Kleinsasser v. Progressive Direct Ins. Co.*, C17-5499 BHS, 2018 WL 3471185 (W.D. Wash. July 19, 2018), *reconsideration denied*, C17-5499 BHS, 2018 WL 7982425 (W.D. Wash. Aug. 13, 2018). In denying the plaintiff's motion to remand, the Court found that "that the average claim value is $4,198.25." *Kleinsasser*, 2018 WL 3471185, at *11. In this case, Progressive alleges that the amount in controversy exceeds $10,000,000 by multiplying that average claim value by Assaf's alleged class size of 2,411. Dkt. 1, ¶ 17.

On January 14, 2020, Assaf moved to remand based on the arguments that the Court rejected in *Kleinsasser*. Dkt. 16-1. In short, Assaf argues that the average amount of each claim is $1,158 as determined by Dr. Bernard Siskin's ("Siskin") regression model. *Id.* In *Kleinsasser*, the Court rejected this argument because "Siskin's model is

ORDER - 2

outdated and a poor fit for current cases" and the model "does not track the contours of Plaintiff's complaint." 2018 WL 3471185, at *10.

On February 3, 2020, Progressive opposed Assaf's motion and submitted evidence in support of its opposition. Dkts. 19, 20. On February 7, 2020, Assaf replied and submitted evidence in support of his reply. Dkts. 23, 24.

On October 21, 2020, the Court held an evidentiary hearing. Dkt. 39. Progressive called Chris Andreolli ("Andreolli"), and Assaf called Mike Harber ("Harber"). *Id.* At the conclusion of the hearing, the Court set a schedule for post-hearing briefs. *Id.* On November 4, 2020, the parties filed supplemental responses. Dkts. 40, 42. On November 11, 2020, the parties filed supplemental replies. Dkts. 43, 45.

## II. DISCUSSION

"A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action." *Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th Cir. 2015). CAFA vests federal district courts with original jurisdiction over class actions involving more than 100 class members, minimal diversity, and at least $5,000,000 in controversy, exclusive of interests and costs. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 552 (2014) (citing 28 U.S.C. § 1332(d)).

> To meet CAFA's amount-in-controversy requirement, a defendant needs to plausibly show that it is reasonably possible that the potential liability exceeds $5 million. As our court has noted, the amount in controversy is the "amount at stake in the underlying litigation." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (emphasis added) (quotation marks and citations omitted). "Amount at stake" does not mean likely or probable liability; rather, it refers to possible liability.

ORDER - 3

*Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). "[T]he circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017).

In this case, Assaf alleges damages "in the form of the difference in the pre-accident market value of the vehicle and its market value as a vehicle repaired to industry standards." Dkt. 1-1, ¶ 6.5. This is consistent with Washington law because "[w]hen a plaintiff's personal property is harmed but not destroyed, the measure of damages may be calculated as the loss in the market value of the property following the harm." *Ibrahim v. AIU Ins. Co.*, 177 Wn. App. 504, 512–13 (2013) (citing *McCurdy v. Union Pac. R.R. Co.*, 68 Wn.2d 457, 467 (1966)). In a similar diminished value case, the Court instructed the jury that it "should consider the difference between the fair cash market value of the property immediately before the occurrence and its fair cash market value after it has been repaired." *Van Tassel v. State Farm Mut. Auto. Ins. Co.*, C15-5508-BHS, Dkt. 119 at 17 (W.D. Wash. Jan. 22, 2020).

Upon review of the evidence, the Court finds that Progressive has shown that it is possible that the amount in controversy exceeds $5,000,000 because the average claim value could be $4,198.25. In determining this per claim amount, Andreolli implemented a simple method of finding the difference between the clean retail value of a vehicle and subtracting either the rough trade-in value or the average trade-in value depending on the extent of vehicle damage. Dkt. 20-4, ¶¶ 19–22. This method comports with the loss in fair market value of the property under Washington law. *Ibrahim*, 177 Wn. App. at 512–

13. Thus, Progressive has submitted a straightforward calculation based on reasonable assumptions. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("when the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones.").

Contrary to Progressive's position, Assaf relies on a nuanced reading of his complaint, the repeatedly rejected Siskin regression analysis, and Harber's testimony. Assaf's first two positions were rejected in *Kleinsasser*, 2018 WL 3471185, at *6–11, and are similarly rejected here. Regarding Harber's critique of Andreolli, Assaf concedes that Harber "has not been disclosed to value class-wide damages" and speculates that the true damages are less than one-third of Andreolli's estimates. Dkt. 45 at 5. Notably, Assaf fails to provide any evidence as to his position on the maximum possible damages. As such, Assaf's position is based on nothing more than allegations and speculation. Therefore, the Court concludes that Progressive has shown that the amount in controversy is possibly over $5,000,000 and that removal was proper.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Assaf's motion to remand, Dkt. 11, is **DENIED**.

Dated this 17th day of November, 2020.

BENJAMIN H. SETTLE
United States District Judge