UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOHAMMAD M. ASSAF, <br><br> Plaintiff, <br><br> v. <br><br> PROGRESSIVE DIRECT INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C19-6209 BHS <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO STAY |

This matter comes before the Court on Plaintiff Mohammed Assaf's motion to stay proceedings. Dkt. 81. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL & PROCEDURAL BACKGROUND

In November 2019, Assaf filed a putative class action against Defendant Progressive Direct Insurance Company in Pierce County Superior Court for the State of Washington. Dkt. 1-1. Assaf claims that Progressive improperly failed to pay its insureds for diminished value under their Underinsured Motorist Property Damages coverage in

Washington. *See id.* ¶¶ 1.2, 1.8, 1.13. Assaf specifically alleged that "jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") does not exist, as the amount in controversy is far less than $5,000,000.00," *id.* ¶ 2.6, because the class "will have approximately 2,411 class members, who will have on average damages of $1,158 per claim" resulting in no more than $2,791,938 in recoverable damages, *id.* ¶ 2.4.

In December 2019, Progressive removed the matter to this Court, arguing that the amount in controversy exceeds $5,000,000. Dkt. 1. Progressive's calculation was based on findings in the related matter *Kleinsasser v. Progressive Direct Insurance Co.*, No. C17-5499 BHS, 2018 WL 3471185 (W.D. Wash. July 19, 2018), *reconsideration denied*, No. C17-5499 BHS, 2018 WL 7982425 (W.D. Wash. Aug. 13, 2018). Dkt. 1 at 5. In *Kleinsasser*, the Court denied the plaintiff's motion to remand because "the average claim value [was] $4,198.25," which established that the amount in controversy exceeded the jurisdictional minimum of $5,000,000. 2018 WL 3471185 at *11.

Assaf then moved to remand based on the arguments the Court rejected in *Kleinsasser*. Dkt. 16-1. The Court held an evidentiary hearing, Dkt. 39, and concluded that Progressive had shown that "it is possible that the amount in controversy exceeds $5,000,000 because the average claim value could be $4,198.25" and denied Assaf's motion to remand, Dkt. 46 at 4.

An appeal of *Kleinsasser* is currently pending before the Ninth Circuit, *see* No. C17-5499, Dkt. 197, with oral argument scheduled for March 11, 2022, Dkt. 81 at 3. The plaintiff in *Kleinsasser* challenges the Court's determination that it had jurisdiction under CAFA. *See* Dkt. 83, Attachment 1, at 52–64. Assaf now moves to stay the case, arguing

ORDER - 2

that the outcome of the appeal in *Kleinsasser* will likely affect the proceedings and retention of jurisdiction in this matter. Dkt. 81. Progressive opposes the motion and asserts that the Ninth Circuit's ruling on the issues presented in *Kleinsasser* will not affect this matter. Dkt. 82.

## II.  DISCUSSION

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay may be appropriate "pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character . . . ." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). A stay is appropriate when it will serve the interests of judicial economy by allowing for development of factual and legal issues, and when weighing of the hardships favors the granting of a stay. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). The Ninth Circuit, however, has cautioned that "if there is even a fair possibility that the stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Id*. (internal quotations and alterations omitted).

Assaf seeks a stay pending the Ninth Circuit's decision in *Kleinsasser*, arguing that a resolution of the appeal "will likely have a direct impact on the issues presently before the Court in this matter." Dkt. 81 at 5. In *Kleinsasser*, two of the issues on appeal are:

1        (1) Was it error, and an abuse of discretion, to decline to promptly remand based upon the notice of removal and the evidence submitted in
2        conjunction with Plaintiff's Motion to remand?

3        (2) Was it further error to hold the case and request further evidence to support Jurisdiction and then *sue* [sic] *sponte* find the per-claim damage
4        figure shown via Plaintiff's as plead, and repeatedly approved, and at issue, method of determining damages would not be considered because it
5        allegedly did not include hypothetical "stigma losses" but instead measured the market value loss, thereby rewriting Plaintiff's complaint post-removal
6        to change the claims, basing jurisdiction on contingent future events and the misapplication of another experts [sic] purported and unplead [sic] method
7        to determine individual damages?

8 Dkt. 83, Attachment 1, at 18–19.

9       Assaf argues that, if the Ninth Circuit rejects any part of the Court's determination
10 in *Kleinsasser*, remand of this case will be required. *See* Dkt. 83 at 4. Indeed, the Court
11 (and Progressive) relied on findings made in *Kleinsasser* in determining whether there
12 was CAFA jurisdiction. *See* Dkt. 46 at 5. Although Progressive argues that the outcome
13 of the *Kleinsasser* appeal will not affect this matter, *see* Dkt. 82 at 5, the Court agrees that
14 the issues on appeal are sufficiently related to the Court's retention of jurisdiction. There
15 is a pending, independent proceeding which bears upon the case, *see Leyva*, 593 F.2d at
16 863, and judicial economy favors a stay.

17       While a delay in proceedings certainly imposes some hardship on both parties, the
18 hardship or inequity that could result from the Court ruling on Assaf's pending motion
19 for class certification if it in fact does not have jurisdiction over this case would be far
20 greater. Further, the stay would only be for a few months pending the resolution of
21 *Kleinsasser* at the Ninth Circuit and would not be indefinite as Progressive argues. *See*
22 Dkt. 82 at 5–6. Oral argument for *Kleinsasser* is scheduled for this Friday, March 11, and

a ruling from the Ninth Circuit is likely within six months of argument. This is a reasonable time. *Cf. Leyva*, 593 F.2d at 864 ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court.").

In consideration of judicial economy and the hardship or inequities resulting from a stay, the Court concludes that Assaf has shown good cause for a brief stay.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff Assaf's motion to stay proceedings, Dkt. 81, is **GRANTED**. The parties shall file a joint status report within thirty days of the Ninth Circuit's opinion in *Kleinsasser* suggesting a briefing schedule for Assaf's pending motion to certify class, Dkt. 58.

Dated this 7th day of March, 2022.

BENJAMIN H. SETTLE
United States District Judge