UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOHAMMAD M. ASSAF,<br><br>              Plaintiff,<br><br>   v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>              Defendant. | CASE NO. C19-6209 BHS<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Mohammad Assaf's renewed motion to remand, Dkt. 148.

Assaf brought this putative "diminished value" class action in Pierce County Superior Court in November 2019. Dkt. 1-1. Defendant Progressive timely removed the case in December 2019, under the Class Action Fairness Act (CAFA). It asserted that the putative class had more than 100 members and that more than $5 million was in controversy. Dkt. 1. Assaf moved to remand, asserting that his complaint did not put $5 million in controversy. Dkt. 11.

ORDER - 1

1    Progressive opposed remand, arguing that actual class data supported its claim the
2    CAFA amount in controversy was met, as it was in a substantially similar case,
3    *Kleinsasser v. Progressive Direct Insurance Company, et al.*, Case No. 3:17-cv-05499-
4    BHS (W.D. Wash.). Dkt. 19 at 2. The Court held an evidentiary hearing on Assaf's
5    motion to remand in October 2020.[1] Dkt. 38. It heard testimony from Progressive's
6    expert, Chris Andreolli, and Assaf's expert, Mike Harber. After pre- and post-hearing
7    briefing, the Court denied Assaf's motion to remand on November 17, 2020. Dkt. 46.

8    Assaf sought to appeal, but the Ninth Circuit denied his petition for permission to
9    file an interlocutory appeal in February 2021. Dkt. 52. In August 2023, the Court denied
10   Assaf's motion for class certification, Dkt. 131, and the Ninth Circuit denied Assaf's
11   petition for permission to appeal that Order in March 2024. Dkt. 143 at 1. Assaf's
12   individual claim is scheduled to be tried on January 21, 2025. Dkt. 145.

13   Assaf renews his motion to remand, arguing that based on "recent admissions," the
14   Court does not have CAFA subject matter jurisdiction over his claim because the amount
15   in controversy at the time of removal was less than $5 million. Dkt. 148. He now claims
16   that the assumptions behind Andreolli's calculations are so "farfetched" that they amount
17   to "a 'fraud' on this Court." Dkt. 148 at 2.

18   Assaf's motion is based primarily on an Order this District's Judge Robert J.
19   Bryan entered—a year and a half ago—in *Hessler v. Progressive Cas. Ins. Co.*, No 22-
20   cv-05904-RJB (W.D. Wa. Feb. 15, 2023), granting a plaintiff's motion to remand in a

---

[1] The delay was due to COVID-19, and the parties' and the Court's preference for live testimony. See Dkt. 32. The hearing was ultimately held remotely.

similar class action. *See* Dkt. 34 in *Hessler*. Assaf contends that having a different judge in the same district come to a different decision on a similar issue is "rare, if not unprecedented," and asks the Court to conclude that Judge Bryan has effectively reversed this Court's prior decision.

Progressive points out that its counsel's "farfetched" "admission" was directed to plaintiff's expert *Harber's* math, not Andreolli's, and that it is not at all rare for one court to respectfully disagree with another. It also correctly asserts that Judge Bryan's Order is not binding on this Court, and that it is not a reason for this Court to reconsider an issue it thoroughly considered and resolved almost four years ago. Dkt. 152.

The Court agrees with Progressive. There is nothing "recent" about Judge Bryan's February 2023 decision or the admissions Assaf claims Progressive made in connection with it. That Order is not binding on this Court, and it does not warrant this Court's revisiting an issue that it resolved long ago, vacating its subsequent orders, and remanding the case to state court.

Assaf's renewed motion to remand is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of August, 2024.

BENJAMIN H. SETTLE
United States District Judge