UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MOHAMMAD M. ASSAF,

        Plaintiff,

  v.

PROGRESSIVE DIRECT INSURANCE COMPANY,

        Defendant.

CASE NO. C19-6209 BHS

ORDER

THIS MATTER is before the Court on plaintiff Mohamad Assaf's motion for partial summary judgment, Dkt. 157. Assaf alleges that his auto insurer, defendant Progressive, breached its contract with him by failing to pay him for the diminished value his 2013 Honda Accord suffered in a 2016 accident. Dkt. 1-1. The case has been vigorously litigated.

The Court denied Assaf's motion to certify a class of similarly situated Progressive insureds, explaining that his claims effectively *assumed* that any vehicle with damage requiring frame or body or paint work exceeding $1000 could not be repaired to its pre-accident condition, and thus had suffered a covered diminution in value. It also

ORDER - 1

explained that whether Assaf's car (like each car in the class as he proposed to define it) had in fact suffered such a loss was an individualized question of fact. Dkt. 131 at 8–14.

Assaf now seeks summary judgment on six issues:

1. Assaf is entitled to recover under his Progressive policy the difference in value between his car immediately before the accident and the value after its repair;

2. Progressive's policy covers diminished value;

3. Assaf inquired with Progressive about such coverage in October 2016, and Progressive never responded;

4. Progressive denied Assaf's diminished value claim;

5. Progressive's denial was a breach of contract; and

6. Seventeen of Progressive's nineteen affirmative defenses should be dismissed.

Dkt. 157 at 1–2.

Progressive correctly contends that the primary factual issue for the jury to resolve at trial is whether Assaf's Accord was repaired to its pre-loss condition after the accident. If it was, there is no diminished value, and Progressive's failure to pay for it would not be a breach of its insurance contract. Dkt. 161-1 at 1–2. Progressive concedes that if Assaf proves he suffered such a loss, he could recover diminished value damages under the underinsured motorist property damage coverage in his Progressive insurance policy. *Id* at 6. It accurately asserts that "diminished value" is not itself a "coverage" akin to collision or comprehensive; it is a potential element of damages resulting from a covered loss.

ORDER - 2

1    Assaf has the burden of proving at trial the fact and amount of any loss, and
2    Progressive's breach of its contract. Whether he has done so is a jury question. Assaf's
3    motion on points 1, 2, 4, and 5 is therefore **DENIED**.

4    Assaf's motion on point 3 seeks summary judgment not on a claim or an element
5    of a claim but on his characterization of a written exchange with Progressive.
6    Progressive's claim that Assaf's own evidence on this point undermines the factual
7    determination he seeks is correct. Assaf's motion on this point is **DENIED**.

8    Assaf's point 6 asks the Court to dismiss with prejudice seventeen of the
9    affirmative defenses Progressive asserted in its Answer, arguing there is no evidence
10   supporting them. Progressive argues that there is no authority for the proposition that
11   affirmative defenses can be dismissed *with* prejudice, and that on partial summary
12   judgment a Court's decision can always be revisited. Dkt. 159 at 8 (citing Fed. R. Civ. P.
13   54(b)).

14   The Court does not view affirmative defenses, upon which the defendant will
15   carry the burden of proof at trial, as materially different than a plaintiff's affirmative
16   claim, upon which he carries the burden. On summary judgment, the party without the
17   burden of proof can force the other party to provide evidence that, viewed in the light
18   most favorable to him, would permit a jury to find in his favor on a given claim or
19   defense. Rule 56(c) mandates the entry of summary judgment, after adequate time for
20   discovery and upon motion, against a party who fails to make a showing sufficient to
21   establish the existence of an element essential to that party's case, and on which that party
22   will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as

to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If he cannot, the claim or defense is dismissed, typically with prejudice.

Progressive argues that record evidence supports its affirmative defenses of payment (affirmative defense No. 4) compromise (No. 13), accord and satisfaction (No. 5) and waiver (No. 6). Dkt. 159 at 8–9. It argues that there is evidence in the record to support a jury's finding in its favor on laches (No. 8), unclean hands (No. 19), and failure to mitigate (No. 18). *Id*. at 9. It also asserts there is evidence that, because he has no damages, Assaf has not suffered an injury in fact and thus has no standing (No. 15). It also argues there is a factual dispute over proximate cause (affirmative defense No. 16). *Id*.

It does not appear that any of these defenses will alter the evidence at trial. Progressive is unlikely to call a witness supporting any of them that it would not call if the defense was stricken. The real question is whether the jury will be instructed on any of these affirmative defenses, and told that if they find Progressive has met its burden of proof on them, their verdict should be for defendant.

But Progressive's laches, waiver, and unclean hands affirmative defenses are based on equitable doctrines. They are not jury questions, and they do not apply on the record here. Standing is not an affirmative defense, and it is not a question for the jury. "Since [elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same

way as any other matter on which the plaintiff bears the burden of proof[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Causation is a part of Assaf's prima facie breach of contract case, and he carries the burden on it. It is not an affirmative defense.

Similarly, it is undisputed that Progressive paid Assaf what it claims is the full amount he was owed under its policy, and that Assaf disagrees. There was no "accord" on that dispute and no satisfaction of it. Progressive has not even argued that there was a binding compromise of the dispute, and there is no evidence that there was. Progressive has not met its summary judgment burden on its payment, compromise, and accord and satisfaction affirmative defenses. Assaf's motion to dismiss Progressive's affirmative defenses Nos. 3-19 is **GRANTED** and those defenses are dismissed without prejudice.

**IT IS SO ORDERED**.

Dated this 17th day of December, 2024.

BENJAMIN H. SETTLE
United States District Judge